UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVOR DANIEL PIOTROWSKI,

      Plaintiff,                           Case No. 05-73519

v.                                       HONORABLE AVERN COHN

KRISTIN M. MONAGHAN,

      Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### II. Legal Standard

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). Under 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may

1

be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. Plaintiff's Complaint

Plaintiff claims that Bay City Police officers committed perjury during his state court trial on resisting and opposing a police officer charges. Plaintiff claims that a portion of his own testimony was deleted from the trial transcript. Plaintiff claims that the deletion of this testimony caused the Michigan Court of Appeals to rule against him on his appeal. Plaintiff claims that there have been other unspecified alterations or deletions made to his transcripts. Plaintiff asks the court to issue an injunction to the defendant, the court reporter in this case, to correct all of the alleged deletions or additions to his trial court transcripts. Plaintiff further asks that the defendant be ordered to provide him a copy of this corrected trial transcript free of charge.

### IV. Analysis

Plaintiff's complaint is subject to dismissal for two reasons. First, as a general rule, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 Fed. Appx. 469, 470 (6th Cir. 2001). Although plaintiff does not clearly indicate why he needs a corrected transcript, the Court assumes that it is for the purpose of mounting a post-conviction challenge to his conviction in either state or federal court, or both. It is clear that a plaintiff cannot seek injunctive relief under section 1983 to obtain his or her trial transcripts, where the plaintiff's sole basis for doing so is to facilitate an attack on his or her criminal conviction. *See Scruggs v. Moellering*, 870 F. 2d 376, 379 (7th Cir. 1989).

Second, where a state prisoner is challenging the very fact or duration of his or her

physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, the Court cannot convert the matter to a petition for a writ of habeas corpus. *See Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter must be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* Here, it appears that plaintiff is really asserting claims properly brought under a petition for habeas corpus. As such, plaintiff's claims under § 1983 must be dismissed.

### V. Conclusion

For the reasons stated above, plaintiff has failed to state a claim under § 1983. Accordingly, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(b).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

Dated: September 27, 2005         s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE